**David H. Bowser**, OSB #012098
david.bowser@jordanramis.com
**Jamie D. Howsley**, OSB #012969
jamie.howsley@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Plaintiff Newberg Crestview, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NEWBERG CRESTVIEW, LLC, an Oregon limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWBERG, a municipal entity, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT FOR UNCONSTITUTIONAL TAKING UNDER U.S. CONSTITUTION AND OREGON CONSTITUTION** <br> (42 U.S.C. § 1983) <br><br> JURY TRIAL DEMANDED |

COMES NOW the above-named Plaintiff, Newberg Crestview, LLC ("Plaintiff") by and

through its attorneys of record, David H. Bowser and Jamie D. Howsley of Jordan Ramis, PC,

and together bring this Complaint against the above-named Defendant, City of Newberg, a

municipal entity, and in support thereof allege the following:

/ / /

/ / /

Page 1 –   COMPLAINT

54296-80193 4879-5587-7162.5

## INTRODUCTION

1.

Plaintiff brings this action under the Takings Clauses of the United States and Oregon

Constitutions, and 42 U.S.C. §1983, challenging Defendant's acts, orders, policies, practices,

customs, and procedures, which deprived Plaintiff of its property without just compensation.

2.

As set forth in this Complaint, the acts, orders, policies, practices, customs, and

procedures of Defendant were the cause of, and the moving force behind, the constitutional

violations in this case and caused the damages that Plaintiff seeks in this action.

3.

Plaintiff seeks a judgment awarding damages for the taking of Plaintiff's property

without just compensation.

4.

Plaintiff also seeks an award of its reasonable costs of litigation, including attorneys'

fees, expert fees, and costs pursuant to 42 U.S.C. §1988, and an award of costs and

disbursements and reasonable attorney fees at trial pursuant to ORS 20.085, and other applicable

laws.

## JURISDICTION AND VENUE

5.

This action arises under the Constitution and laws of the United States and of the State of

Oregon, including the Fifth Amendment (US), Article 1 Section 18 (OR), as well as under 42

U.S.C. §1983.  Jurisdiction is conferred on this Court pursuant to Article III of the United States

Constitution, 28 U.S.C. §§1331 (Federal Question) and 1343 (Civil Rights and Elective

Franchise).

54296-80193 4879-5587-7162.5

6.

This Court has supplemental jurisdiction regarding state claims pursuant to 28 U.S.C.

§1367 as such claims are so related to claims in the action within original jurisdiction that they

form part of the same case or controversy.

7.

Plaintiff's claims for damages are authorized under 42 U.S.C. §1983.

8.

Venue is proper under 28 U.S.C. §1391(b)(1) and (2) because Defendant resides in this

District and all parties are Oregon residents, and a substantial part of the events or omissions

giving rise to Plaintiff's claims occurred in this District.

## PLAINTIFF

9.

Plaintiff Newberg Crestview, LLC is an Oregon limited liability company with offices in

Clackamas County, Oregon.  It owns and is developing property in the City of Newberg

commonly known as Crestview Crossing for primarily residential and some commercial use, and

has incurred financial losses caused by Defendant.

## DEFENDANT

10.

Defendant City of Newberg, an Oregon municipal corporation, made the land use

decision and subsequent decisions in this matter regarding Crestview Crossing pursuant to state

law, custom and usage, and local ordinances, custom and usage, thereby acting under the color of

state law in all relevant matters.  The City is a person under 42 U.S.C. §1983.

/ / /

/ / /

Page 3 –   COMPLAINT

**UNCONSTITUTIONAL LAND USE EXACTIONS**

11.

The following conditions were included in the Planning Commission Order 2019-10 issued by Defendant for Crestview Crossing in land use case number PUD18-0001/CUP18-0004 (the "City Order"):

      a.      Jory Road street improvements;

      b.      Crestview Drive street improvements;

      c.      sidewalk and bike lane on Hwy 99W;

      d.      upsizing sanitary sewer pipes; and

      e.      surplus stormwater capacity.

12.

As a result of Defendant's unconstitutional conduct and the City Order, Plaintiff's property was taken by Defendant with no just compensation paid to Plaintiff.

**GENERAL ALLEGATIONS**

13.

Plaintiff has not received just compensation from Defendant for the taking of its property.

14.

The City Order is being enforced by Defendant in violation of Plaintiff's rights as set forth herein.

15.

Plaintiff is being materially affected by the City Order in that it is being forced to construct public improvements in the public right-of-way without just compensation in violation of its federal and state constitutional rights.

/ / /

54296-80193 4879-5587-7162.5

## CLAIM I – FEDERAL TAKINGS

**(Fifth Amendment, United States Constitution; 42 U.S.C. §1983)**

16.

Plaintiff hereby incorporates by reference paragraphs 1 through 15 as if fully restated herein.

17.

Defendant's actions under color of state law are a seizure of Plaintiff's property without just compensation, all in violation of the Fifth Amendment of the United States Constitution.

18.

The Fifth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking of private property by Defendant.

19.

The City Order requires Plaintiff to construct public improvements that exceed the roughly proportional impact of Plaintiff's Crestview Crossing subdivision, requiring the payment of just compensation upon a taking of private property by Defendant.

20.

The City Order interfered with Plaintiff's distinct, investment-backed expectations as to their businesses and property, requiring the payment of just compensation upon a taking of private property by Defendant.  As outlined above, Defendant has taken Plaintiff's property for public use without providing just compensation.

/ / /

/ / /

/ / /

Page 5 –   COMPLAINT

54296-80193 4879-5587-7162.5

21.

Defendant has provided no compensation to Plaintiff for the requirement to construct these public improvements, thereby depriving Plaintiff of its constitutional rights in violation of the Fifth Amendment of the United States Constitution.

22.

As a result of Defendant's actions and failure to pay just compensation, Plaintiff has been injured and suffered damages in an amount to be determined at trial, including:

a.      $498,717 for Jory Road street improvements;

b.      $746,549 for Crestview Drive street improvements;

c.      $124,757 for the sidewalk and bike lane on Hwy 99W;

d.      $69,435 for upsizing sanitary sewer pipes; and

e.      $21,901 for surplus stormwater capacity.

Plaintiff is owed a total of $1,461,359 for the unconstitutional taking of its property without compensation.  Plaintiff is entitled to its reasonable costs of litigation, including attorneys' fees, expert fees, and costs, pursuant to 42 U.S.C. §1988 and other applicable laws.

## CLAIM II – OREGON TAKINGS

### (Article I, §18, Oregon Constitution)

23.

Plaintiff hereby incorporates by reference paragraphs 1 through 22 as if fully restated herein.

24.

Defendant's actions under color of state law are a taking of Plaintiff's property without just compensation, all in violation of the Article 1, §18 of the Oregon Constitution.

/ / /

54296-80193 4879-5587-7162.5

25.

As outlined above, Defendant has taken Plaintiff's property for public use without providing just compensation.

26.

Article I, §18 of the Oregon Constitution is a provision and right requiring the payment of just compensation upon a taking of private property by Defendant.

27.

The City Order required Plaintiff to construct public improvements that exceed the roughly proportional impact of Plaintiff's Crestview Crossing subdivision without offering any roughly proportional compensation for these takings.

28.

Defendant has provided no compensation to Plaintiff for the taking of its property, thereby depriving Plaintiff of its constitutional rights in violation of Article I, §18 of the Oregon Constitution.

29.

Defendant's City Order interfered with Plaintiff's distinct, investment-backed expectations as to its business and property.

30.

As outlined above, Defendant has taken Plaintiff's property for public use without providing just compensation.

/ / /

/ / /

/ / /

54296-80193 4879-5587-7162.5

31.

As a result of Defendant's actions and failure to pay just compensation, Plaintiff has been

injured and suffered damages in an amount to be determined at trial, including:

a.      $498,717 for Jory Road street improvements;

b.      $746,549 for Crestview Drive street improvements;

c.      $124,757 for the sidewalk and bike lane on Hwy 99W;

d.      $69,435 for upsizing sanitary sewer pipes; and

e.      $21,901 for surplus stormwater capacity.

Plaintiff is owed a total of $1,461,359 for the unconstitutional taking of its property.  Plaintiff is

entitled to its costs and disbursements and reasonable attorney fees at trial and on appeal

pursuant to ORS 20.085, and other applicable laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Newberg Crestview, LLC prays for a judgment in favor of

Plaintiff and against Defendant as follows:

1.      For a finding that Defendant has violated Plaintiff's constitutional rights under the

Federal and State Constitutions by taking its property for public use without just compensation;

2.      Awarding damages as proven at trial, currently estimated to be $1,461,359, for the

value of the property taken by Defendant without compensation, including interest;

3.      Awarding any and all damages and other available damages under federal and

state law as applicable, including, but not limited to, an award for nominal damages;

4.      Awarding Plaintiff its reasonable attorney fees, experts fees, costs, and expenses

pursuant to 42 U.S.C. §1988, ORS 30.085, and other applicable law; and

5.      Grant such other and further relief as is just and appropriate.

54296-80193 4879-5587-7162.5

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 29th day of August, 2022.

JORDAN RAMIS PC

By:   *s/ David H. Bowser*
David H. Bowser, OSB #012098
david.bowser@jordanramis.com
Jamie D. Howsley, OSB #012969
jamie.howsley@jordanramis.com
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

*Attorneys for Plaintiff Newberg Crestview, LLC*

54296-80193 4879-5587-7162.5