UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

NEWBERG CRESTVIEW, LLC, *an Oregon limited liability company*,

Plaintiff,

v.

CITY OF NEWBERG, *a municipal entity*,

Defendant.

Case No. 3:22-cv-1289-AR

**OPINION AND ORDER**

---

**ARMISTEAD, Magistrate Judge**

Plaintiff Newberg Crestview, LLC brings this action against defendant City of Newberg. Crestview alleges that the City took Crestview's property without just compensation, in violation of both the Fifth Amendment to the United States Constitution and Article I, section 18, of the Oregon Constitution, when it conditioned approval of Crestview's land development plan on Crestview's construction of public improvements. (Compl. ¶¶ 16-31, ECF No. 1.)

The City moves to dismiss Crestview's federal takings claim under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). According to the City, that claim is unripe because Crestview has not alleged a final decision and did not follow proper appeal procedures. The City also asserts that Crestview has not provided sufficient facts to show that it is plausibly entitled to relief. The City asks the court to dismiss Crestview's federal takings claim and to decline to exercise supplemental jurisdiction over Crestview's state-law claims. (Def.'s Mot. at 1, ECF No. 13.)

Crestview responds that the Order conditioning approval of Crestview's development on construction of public improvements meets the standard of ordinary finality. (Pl.'s Resp. at 12-13, ECF No. 16.) Crestview also argues that its factual allegations are "more than sufficient" to state a claim for relief. (*Id.* at 17.) The court concludes that Crestview's factual allegations are insufficient and grants the City's Motion to Dismiss on that basis.[1, 2]

## PRELIMINARY MATTERS

### A. *Motion for Leave to Amend*

On August 31, 2023, before the court had resolved the City's Motion to Dismiss, Crestview filed a Motion for Leave to File an Amended Complaint (Motion to Amend). (Pl.'s Mot., ECF No. 26.) The proposed amended complaint differs from the original complaint in several ways: it contains additional factual allegations, it requests additional damages, and it

---

[1] The parties have consented to jurisdiction by magistrate judge as permitted by 28 U.S.C. § 636(c)(1). (Full Consent, ECF No. 23.)

[2] The parties request oral argument. The court, however, does not believe that oral argument would be helpful in resolving the pending motions. *See* LR 7-1(d)(1).

adds two tort claims against the City under ORS § 197.307(4)(b). (Proposed First Am. Compl. (Am. Compl.), ECF No. 26-1.) The City opposes Crestview's motion, arguing that the amendments are futile because they do not address the deficiencies identified in the City's Motion to Dismiss.[3] (Def.'s Opp'n at 4, ECF No. 28.)

Despite its opposition to Crestview's Motion to Amend, the court concludes that the City is not prejudiced by the court's consideration of the Amended Complaint in resolving the pending Motion to Dismiss. Neither party views the amendments as altering the court's analysis of the Motion to Dismiss. (Pl.'s Reply at 2, ECF No. 30 ("The Motion to Amend is not seeking to correct any 'alleged' deficiency in the original Complaint."); Def.'s Opp'n at 4 ("[T]he proposed first amended complaint remains subject to dismissal regardless of new allegations. . .").) The court agrees that both the analysis and outcome of the City's motion remain the same whether or not leave to amend is granted. Accordingly, to promote judicial efficiency, the court grants Crestview's Motion to Amend and treats the Amended Complaint as the operative complaint in resolving the Motion to Dismiss. *See Edwards on behalf of J.E. v. Yamhill Cnty.*, Case No. 3:19-cv-00240-AC, 2021 WL 7540367, at *2 (D. Or. Sept. 7, 2021), *findings and recommendation adopted*, 2022 WL 819449 (D. Or. Mar. 17, 2022) (concluding that defendant was not prejudiced by treating untimely amended complaint as operative complaint in resolving motion to dismiss where defendant had an opportunity to respond to the

---

3 The City further argues that Crestview's added tort claims are futile because Crestview did not comply with the notice requirements of the Oregon Tort Claims Act, ORS § 30.260 *et seq*., and because ORS § 197.307(4) does not provide a private right of action for the remedies that Crestview seeks. (Def.'s Opp'n at 5-10.) Because the court dismisses all of Crestview's state-law claims under 28 U.S.C. § 1367(c)(3), it does not address the City's additional arguments for dismissing Crestview's tort claims.

proposed amended complaint and the court would reach the same conclusion whether or not leave to amend was granted).

**B. *Request for Judicial Notice***

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). But a court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice without converting a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Judicial notice allows a court to consider an adjudicative fact if it "is not subject to reasonable dispute." FED. R. EVID. 201(b). A fact is not subject to reasonable dispute if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).

In its unopposed[4] request for judicial notice, the City asks the court to take judicial notice of seven government records, including planning commission orders, contracts, and a municipal code. Specifically, the City asks that the court take notice of (1) a 2018 Planning Commission Order (2018 Order),[5] (2) the Newberg Development Code, (3) Notice of Decision MISC319-

---

[4] In its response, Crestview stated that it did not oppose the City's request for judicial notice, with the caveat that it might request leave to address two documents that it was initially unable to view. (Pl.'s Resp. at 4.) The City has since explained how to view the two documents, and Crestview has not requested leave to address those documents. Accordingly, the court understands the City's request to be unopposed.

[5] The City asks the court to take judicial notice of Order 2018-10 (2018 Order). Crestview's complaint, in contrast, refers to "Order 2019-10." (Am. Compl. ¶ 11.) Crestview does not attach "Order 2019-10" to its Amended Complaint. In its Response, Crestview cites the 2018 Order when discussing "[t]he City Order at issue." (Pl.'s Resp. at 12 (citing Bowser Decl. Ex. 1, ECF No. 17-1).) The court therefore interprets Crestview's references to "Order 2019-10"

0001, (4) Notice of Decision MISC119-0071, (5) Notice of Decision FPSB21-0001, (6) a security and improvement agreement between the City and Crestview, and (7) a performance agreement between the City and Crestview. (Def.'s Mot. at 7-8.)

Other courts in this circuit have found government agency filings, contract provisions, and municipal codes to be appropriate subjects of judicial notice. *See Rote v. Silicon Valley Bank, Inc.*, Case No. 3:16-cv-471-SI, 2016 WL 4565776, at *4 (D. Or. Sept. 1, 2016) (citing *N.W. Env't Advocates v. EPA*, 537 F.3d 1006, 1026-27 (9th Cir. 2008)) (filings by government agencies); *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F. Supp. 3d 950, 961 (W.D. Wash. 2022) (contract provisions); *Krage v. City of Lakewood*, Case No. 2:19-cv-6069-DOC-SHK, 2020 WL 6694327, at *11 (C.D. Cal. Sept. 18, 2020), *report and recommendation adopted*, 2021 WL 4893170 (C.D. Cal. Oct. 19, 2021) (municipal code). This court likewise grants the City's unopposed request for judicial notice of the above-described records. The court does not, however, notice the truth of the content of those documents. *See, e.g.*, *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 975 (E.D. Cal. 2004) ("[D]ocuments are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean.").

**BACKGROUND**

The court construes as true the factual allegations of Crestview's operative complaint, supplemented by records the court has judicially noticed. *See Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022); *Ritchie*, 342 F.3d at 908.

---

to refer to the same 2018 Order that the City asks the court to judicially notice.

Crestview is an Oregon limited liability company that owns property in Newberg, Oregon. Crestview is currently developing its Newberg property, "Crestview Crossing," for residential and commercial use. (Am. Compl. ¶ 9.) Before Crestview could begin developing the property, it needed approval from the City's Planning Commission. (Newberg Municipal Code 15.100.370(A).) The City's Planning Commission approved Crestview's development project in an order dated October 12, 2018. (2018 Order at 1-2.)

The City conditioned its approval on Crestview making various public infrastructure improvements near Crestview Crossing. Those improvements include (1) improvements to Jory Road, (2) improvements to Crestview Drive, (3) adding a sidewalk and bike lane to Highway 99 West, (4) improving the traffic signal at the intersection of Highway 99 and Crestview Drive, (5) building a roundabout, (6) upsizing sanitary sewer pipes, and (7) building surplus stormwater capacity. Following the City's Order, Crestview constructed or began constructing the required improvements. (Am. Compl. ¶ 11.) Those improvements, Crestview alleges, exceed what is required to account for the impact of Crestview's development on the City. (*Id.* ¶ 19.)

In the Order, the City explains that Crestview may seek compensation, in the form of System Development Charge (SDC) credits, for the cost of making public improvements. (2018 Order at 95.) In April 2023, the City determined that Crestview was entitled to $433,460 in SDC credits for some of the public improvements that Crestview constructed. However, the City has not yet provided any compensation to Crestview. (Am. Compl. ¶¶ 11, 21, 23.)

/ / / / /

/ / / / /

/ / / / /

## DISCUSSION

### A. *Crestview's Federal Takings Claim*

The Supreme Court has identified four distinct categories of federal takings claims: physical takings, total regulatory takings, *Penn Central* regulatory takings, and land-use exaction takings. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 548 (2005). The Court understands Crestview's federal takings claim to be a land-use exaction claim. (*See* Am. Compl. at 4 (listing required improvements under the heading "unconstitutional land use exactions").)[6]

A land-use exaction occurs when government demands property in exchange for approval of a land-use permit. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013). In

---

[6] There is some indication that Crestview intended to bring a regulatory takings claim. For example, the Amended Complaint alleges that the 2018 Order interfered with Crestview's "distinct, investment-backed expectations," (Am. Compl. ¶ 20), a reference to one of the factors for assessing regulatory takings under *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). Further, in its Response to the City's motion, Crestview asserts that "Plaintiff's regulatory takings claims are ripe now." (Pl.'s Resp. at 7.) Even if Crestview intended to bring a regulatory takings claim, its Amended Complaint fails to do so.

A regulatory taking results from government regulation that "goes too far" in restricting what a property owner may do with her property. *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922). Regulatory takings occur when government "places limitations on land that fall short of eliminating all economically beneficial use," *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001), but that "diminish[] the value of property to an unconstitutional degree." *Levin v. City & Cnty. of San Francisco*, 71 F. Supp. 3d 1072, 1081 (N.D. Cal. 2014). To state a regulatory takings claim, there is no requirement that the plaintiff allege either a transfer of an interest in property or public use of her property. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 326 (2002). Instead, whether a regulatory taking has occurred depends on a fact-intensive inquiry, which considers "the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action." *Palazzolo*, 533 U.S. at 617 (citing *Penn Central*, 438 U.S. at 124). Crestview does not allege that the City has restricted how Crestview may develop its land or that such restriction has decreased the value of Crestview's land to an unconstitutional degree. Accordingly, the court does not read the Amended Complaint to bring a regulatory takings claim.

the earliest cases recognizing land-use exaction takings, *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825 (1987) and *Dolan v. City of Tigard*, 512 U.S. 374 (1994), "government demand[ed] that a landowner dedicate an easement allowing public access to her property as a condition of obtaining a development permit." *Lingle*, 544 U.S. at 546. Resolving those cases, the Supreme Court concluded that government can exact permit applicants' property without committing a taking, "so long as there is a 'nexus' and 'rough proportionality' between the property that government demands and the social costs of the applicant's [development] proposal." *Koontz*, 570 U.S. at 605-06 (citing *Nollan*, 483 U.S. at 837; *Dolan*, 512 U.S. at 391). When either a nexus or rough proportionality is lacking, the exaction is a taking requiring just compensation. *Nollan*, 483 U.S. at 837-42; *Dolan*, 512 U.S. at 391-96.

The Court extended application of the *Nollan*/*Dolan* test to monetary exactions in *Koontz v. St. Johns River Water Management District*, 570 U.S. 595 (2013). Monetary exactions are land-use exactions in which government conditions approval of a land-use permit on either the landowner's payment of money to the government or expenditure of money on the government's behalf. Noting that such monetary exactions are "functionally equivalent" to the exaction of easements, the Court in *Koontz* concluded that "government's demand for property from a land-use permit applicant must satisfy the requirements of *Nollan* and *Dolan* even when . . . its demand is for money." *Id.* at 612, 618.

"A predicate for any [land-use exaction takings claim] is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Id.* at 612. In *Nollan* and *Dolan*, had the government "directly seized the easements it sought to obtain through the permitting process, it would have committed a *per se*

taking." *Id.* (citing *Dolan*, 512 U.S. at 384; *Nollan*, 483 U.S. at 831). The same is true here: had the City demanded that Crestview pay to construct public improvements outside the permitting context, that payment would "transfer an interest in property from [Crestview] to the government," and would thus "amount to a *per se* taking." *Id.* at 615. Because Crestview's monetary exaction claim implicates direct appropriation of its property, that claim is properly analyzed under a *per se* takings approach. *Id.* at 612-14 ("[W]hen the government commands the relinquishment of funds linked to a specific, identifiable property interest such as a bank account or a parcel of real property, a *per se* takings approach is the proper mode of analysis under the Court's precedent." (quotation marks omitted)).

**B. *The City's Rule 12(b)(1) Motion to Dismiss***

The City asks the court to dismiss Crestview's federal takings claim as unripe under Rule 12(b)(1) because Crestview has not alleged a "final decision" and did not appeal the 2018 Order. (Def.'s Mot. at 10-12.) The City's argument relies on application of *Williamson County*'s[7] finality requirement: "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with the implementing regulations has reached a final decision regarding the application of the regulations to the property at issue." 473 U.S. at 186.

*Williamson County*'s finality requirement does not apply to land-use exaction claims. "By its terms, *Williamson County* applies only to regulatory, not *per se*, takings." *Fowler v. Guerin*, 899 F.3d 1112, 1117 (9th Cir. 2018). The finality requirement "developed in the regulatory

---

7 *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), *overruled on other grounds by Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162 (2019).

taking context," and has not been extended to other types of takings. *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725, 733 n.6 (1997); *Pakdel v. City & Cnty. of San Francisco, California*, 141 S. Ct. 2226, 2228 (2021) ("When a plaintiff alleges a *regulatory taking* in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a 'final' decision." (emphasis added)); *Fowler*, 899 F.3d at 1117-18 (declining to apply finality requirement to *per se* takings claim).

Indeed, the justification for the finality requirement is only applicable in the context of regulatory takings. The requirement "follows from the principle that only a regulation that 'goes too far' results in a taking." *Suitum*, 520 U.S. at 734 (citation omitted). "A court cannot determine whether a regulation has gone 'too far' unless it knows how far the regulation goes." *Id.* The factors that a court must examine in a regulatory takings case, including economic impact and interference with reasonable investment-backed expectations, "simply cannot be evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." *Williamson County*, 473 U.S. at 191.

That reasoning does not apply to land-use exaction claims, which are not based on broadly applicable regulations that "go[] too far" and do not entail the same fact-intensive inquiry as do regulatory takings claims. *See Koontz*, 570 U.S. at 614 (distinguishing between "*Penn Central*'s essentially ad hoc, factual inquiry" and "the *per se* takings approach" used in exaction cases). Because *Williamson County*'s finality requirement does not apply to Crestview's land-use exaction claim, the court denies the City's Rule 12(b)(1) Motion to Dismiss.

/ / / / /

**C. *The City's Rule 12(b)(6) Motion to Dismiss***

A motion to dismiss under Rule 12(b)(6) for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The City asks the court to dismiss Crestview's federal takings claim because Crestview fails to allege sufficient facts to show that any of the conditions imposed on Crestview in the City's 2018 Order were unconstitutional. (Def.'s Mot. at 12.) The City points out that Crestview neither states what conditions in the Order are unconstitutional nor provides any facts to support its legal conclusion that the required improvements are not roughly proportional to the impact of Crestview's proposed development. (*Id.* at 12-13.)

Crestview broadly describes the improvements it was required to make (*i.e.*, "Jory Road public street improvements," "upsizing intersection of Crestview Drive and Jory Road with a roundabout" (Am. Compl. ¶ 11)) but provides no facts to show that those improvements exceeded what was required to mitigate the impact of its development. Crestview's Amended Complaint also includes a spreadsheet comparing the costs of "standard improvements" to the costs of "constructed improvements" but does not explain which specific improvements fall into each of those categories. (Am. Compl. Ex. 1, ECF No. 26-1 at 17.)

The court does not credit Crestview's legal conclusion that the required improvements "exceed the roughly proportional impact of [Crestview's development]." (Am. Compl. ¶ 19); *Iqbal*, 556 U.S. at 678-79. To state a land-use exaction takings claim, Crestview must allege sufficient facts to allow the court reasonably to draw that inference. The court therefore dismisses Crestview's federal takings claim without prejudice.

**D. *State-Law Claims***

Crestview asserts claims under the Oregon Constitution and ORS § 197.307(4)(b). (Am. Compl. ¶¶ 25, 35, 45.) The City asks that the court decline to exercise its supplemental jurisdiction over Crestview's state-law claims.

A district court may decline to exercise supplemental jurisdiction over a state-law claim where the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). After dismissing all federal claims, the court's decision whether to exercise supplemental jurisdiction over a remaining state-law claim is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The court's decision is informed by values of "economy, convenience, fairness, and comity." *Acri v. Varion Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 350 n.7 (1988).

The court has already dismissed Crestview's only federal claim, triggering the court's discretion under 28 U.S.C. § 1367(c)(3). After careful consideration, the court finds that the balance of factors favors declining to exercise supplemental jurisdiction over the remaining state-law claims. The court therefore dismisses those claims without prejudice.[8]

**E. *Leave to Amend***

After granting a motion to dismiss, "[l]eave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colls.*, 655

---

[8] The court also notes that Crestview's land-use exaction claim is likely not a cognizable takings claim under the Oregon Constitution. *See W. Linn Corp. Park, L.L.C. v. City of West Linn*, 349 Or. 58, 94 (2010) ("Absent additional allegations, a property owner that alleges that a local government has conditioned development on construction of off-site improvements at a cost that is not roughly proportional to the impacts of the development, does not allege a taking under Article I, section 18, of the Oregon Constitution.").

F.3d 984, 995 (9th Cir. 2011) (quotation marks omitted). The court has concluded that Crestview's Amended Complaint contains insufficient factual allegations to support its federal takings claim. Crestview can cure that deficiency by adding to its complaint additional allegations that (1) identify the specific improvements that Crestview was required to make that do not conform to the *Nollan*/*Dolan* standard, and (2) provide the *factual basis* for Crestview's conclusion that those specific improvements were not roughly proportional to the development's impacts. Leave to amend is therefore warranted.

**CONCLUSION**

For the above reasons, Crestview's motion for leave to amend (ECF No. 26) is GRANTED. The City's motion to dismiss (ECF No. 13) is also GRANTED. Crestview's proposed First Amended Complaint is dismissed with leave to amend.

DATED: December 4, 2023

JEFF ARMISTEAD
United States Magistrate Judge